TELEPHONE (541) 476-8825
FACSIMILE (541) 471-1704

**CAUBLE & CAUBLE, LLP**
ATTORNEYS AT LAW
111 S.E. SIXTH STREET
P.O. BOX 398
GRANTS PASS, OREGON 97528

TOLL FREE (888) 870-8825

RECVD 08 JAN '14 10:35 USDC-ORP

January 6, 2014

Honorable Chief District Judge Ann Aiken
United States District Court of Oregon
5500 United States Courthouse
405 E 8th Ave
Eugene OR 97401-2706

Honorable Magistrate Judge Mark D. Clarke
United States Courthouse
310 W 6th St
Medford OR 97501-2710

Honorable Senior District Judge Owen M. Panner
United States Courthouse
310 W 6th St
Medford OR 97501-2710

Honorable Magistrate Judge Paul Papak
1027 United States Courthouse
1000 SW 3rd Ave
Portland OR 97204-2940

Mary L. Moran, Clerk of Court
United States Courthouse
1000 SW 3rd Ave Ste 740
Portland OR 97204-2940

Re: Christopher L. Cauble, OSB #962374

Dear Chief Judge Aiken, Judge Clarke, Judge Panner, Judge Papak and Ms. Moran,

This letter is to notify the court that I have been suspended from the practice of law by the Oregon State Bar for 45 days effective December 11, 2013. I have not and will not practice law in any jurisdiction, including Oregon federal courts, during the term of suspension. This notice is sent pursuant to LR 83-6(a). The basis of the decision is as follows (As will be published in the Oregon State Bar Journal):

Honorable Chief District Judge Ann Aiken
Honorable Magistrate Judge Mark D. Clarke
Honorable Senior District Judge Owen M. Panner
Honorable Magistrate Judge Paul Papak
Mary L. Moran, Clerk of Court
January 6, 2014
Page 2

----

Cauble defended a client against a plaintiff's claims that the client had negligently, illegally or fraudulently invested funds intended to be used in loans for home construction. On behalf of his client, Cauble sought indemnification from the title company in the event the client was found liable for losses suffered by the plaintiff and Cauble sued the title company for the client's own investment losses.

Several additional investors who lost funds that Cauble's client had assisted them to invest in home construction loans consulted Cauble about the prospect of suing the title company. Cauble subsequently represented the additional investors against the title company without securing the informed consent of all his clients regarding the significant risk that his representation of the additional investors would be materially limited by his responsibilities to the first client and vice versa. The panel found that although Cauble limited the scope of his representation to taking action against the title company, that limitation did not obviate the need to obtain informed consent regarding the conflict between the interests of the first client and the additional investors that arose from legitimate claims the additional investors might have had against the first client for those same losses.

The additional investors advanced funds to pay Cauble's fees for pursing their claims against the title company. Relying upon direction from the first client as spokesman for the additional investors, Cauble used funds advanced by the additional investors to pay past due fees owed by the first client. The panel found that Cauble's personal interests in obtaining fees from the multiparty litigation and getting the first client's past due fees paid created a significant risk that the representation of the additional investors would be materially limited. Cauble did not obtain informed consent from the additional investors regarding his personal conflict of interest. The panel also found that although Cauble's work for the first client was of some value to the additional investors due to common issues, Cauble negligently failed to safeguard the funds advanced by the additional investors when he used those funds to pay the first client's fees without assuring that each of the additional investors consented to his doing so. The panel ordered restitution pro rata to each of the additional investors for their funds used to pay the fees of the first client.

I have complied with all of the conditions of my suspension, including the payment of restitution and my suspension ends on January 20, 2014.

Honorable Chief District Judge Ann Aiken
Honorable Magistrate Judge Mark D. Clarke
Honorable Senior District Judge Owen M. Panner
Honorable Magistrate Judge Paul Papak
Mary L. Moran, Clerk of Court
January 6, 2014
Page 3

Five days of the 45 day suspension were reduced by submitting to practice management counseling by the Oregon Professional Liability Fund.

I have not practiced law in any jurisdiction and that all of my matters in federal court have been handled only by my law partners, associates, and associate counsel during the term of my suspension without my direction or supervision. Steps have been taken to remove my name from any pleadings during my suspension to avoid any implication or representation that I have been practicing law in federal courts.

Very truly yours,

CAUBLE & CAUBLE, LLP

Christopher L. Cauble

CLC/mdw
Priority Mail